

# In the Missouri Court of Appeals
# Eastern District

## DIVISION TWO

| | | |
|---|---|---|
| STATE OF MISSOURI, | ) | No. ED107453 |
| | ) | |
| Respondent, | ) | Appeal from the Circuit Court |
| | ) | of St. Louis County |
| vs. | ) | |
| | ) | Honorable Ellen H. Ribaudo |
| ELDAR GYUNASHEV, | ) | |
| | ) | |
| Appellant. | ) | FILED: February 4, 2020 |

## Introduction

Eldar Gyunashev ("Gyunashev") appeals from the judgment of the trial court entered after a bench trial finding him guilty of domestic assault in the third degree. In his sole point on appeal, Gyunashev asserts that the trial court abused its discretion when admitting into evidence recordings of 911 calls describing the assault because the recordings contained inadmissible hearsay. In particular, Gyunashev maintains the trial court abused its discretion in finding the calls admissible under the present-sense-impression exception. Because the record supports the application of the present-sense-impression exception, we hold the trial court did not abuse its discretion in admitting the recordings. Accordingly, we affirm the judgment of the trial court.

## Factual and Procedural History

In April 2018, police dispatcher Marcella Hamilton ("Dispatcher Hamilton") received a 911 call from a young boy, who gave his first name and was later identified as Gyunashev's son

("Son"). Son told Dispatcher Hamilton that his father was beating Victim. Son asked Dispatcher Hamilton to "please hurry." Dispatcher Hamilton later testified that Son sounded "shaken up," and "very nervous and like he was scared for [Victim]'s sake of what was happening."

Police dispatcher Margaret Eagan ("Dispatcher Eagan") received a second 911 call from Son almost immediately after the first. Son requested an ambulance. Son reiterated that his father was beating Victim. Son told Dispatcher Eagan that his father had just left. Son stated that Victim was bleeding from her mouth and that the attack had just happened. Son then identified his father as Gyunashev. Dispatcher Eagan testified that Son sounded "panicked" and "scared."

Officer Mason Miller ("Officer Miller") responded to the scene and saw three children outside of the house crying. Officer Miller entered the home and located Victim. Victim was crying, her face was black and blue, and she was holding a bloody rag to her face. Victim removed the rag from her face, at which time Officer Miller saw a badly bleeding laceration on her lip. Paramedics responded to the scene and, after assessing Victim's injuries, transported her to the hospital.

Days later, police arrested Gyunashev. Detective Brandon Feazel ("Detective Feazel") conducted a recorded interview with Gyunashev. Gyunashev told Detective Feazel that Victim would not leave him alone in the bedroom when he asked her to do so, so he "did what [he] did" and "put [his] hands on her." Detective Feazel asked Gyunashev if he knew that his children saw him punching and kicking Victim, to which he responded, "yes." A few minutes later, Detective Feazel asked Gyunashev if he had a reason for punching, pushing, and kicking Victim, to which

Gyunashev responded affirmatively. Detective Feazel asked Gyunashev if he understood that Son was scared, to which he responded, "I know."

The State charged Gyunashev with domestic assault in the third degree. Prior to trial, Gyunashev moved to exclude the recordings of the 911 calls received by Dispatchers Hamilton and Eagan, arguing Son's statements were inadmissible hearsay. The trial court took the motion with the case, which proceeded to a bench trial. The State moved to have recordings of the 911 calls entered into evidence, which the trial court admitted subject to Gyunashev's previous motion. Following trial, the trial court denied Gyunashev's motion to exclude the 911 calls, finding Son's statements to be admissible hearsay under the present-sense-impression exception. The trial court convicted Gyunashev of third-degree domestic assault and sentenced him to two years in prison. Gyunashev now appeals.

Point on Appeal

In his sole point on appeal, Gyunashev argues that the trial court abused its discretion in admitting the 911 calls because Son's statements were inadmissible hearsay in that the present-sense-impression exception did not apply.

Standard of Review

We review a trial court's decision regarding the admission of evidence for an abuse of discretion. State v. Hunt, 451 S.W.3d 251, 263 (Mo. banc 2014) (per curiam) (internal citation omitted). We will find a trial court abused its discretion only when its ruling is "clearly against the logic of the circumstances then before the court and is so unreasonable and arbitrary that it shocks the sense of justice and indicates a lack of careful, deliberate consideration." State v. Blurton, 484 S.W.3d 758, 769 (Mo. banc 2016) (internal citation omitted). Further, we will uphold the trial court's action if it was proper on any ground, even if it was improper on the grounds given by the trial court. State v. Townsel, 564 S.W.3d 731, 736 (Mo. App. W.D. 2018)

(internal citation omitted). Finally, we will only reverse an erroneous evidentiary ruling if there is a reasonable probability that it affected the result or outcome of the case or deprived the defendant of a fair trial. Blurton, 484 S.W.3d at 769 (internal citation omitted).

Discussion

Gyunashev's evidentiary challenge is premised upon the hearsay nature of Son's statements in the 911 calls and the inapplicability of the present-sense-impression exception to the hearsay rule. The State does not dispute that the statements sought to be admitted were hearsay.

"Hearsay is an out-of-court statement offered to prove the truth of the matter asserted in the statement." State v. Edwards, 537 S.W.3d 848, 853 (Mo. App. E.D. 2017) (internal citations omitted). Hearsay is generally inadmissible, but is admissible when an exception applies. State v. Taylor, 298 S.W.3d 482, 492 (Mo. banc 2009) (internal citation omitted). The present-sense-impression exception renders hearsay statements admissible where: (1) the statement is made simultaneously or almost simultaneously with an occurrence; (2) the statement describes the occurrence; and (3) the declarant perceives the occurrence with their own senses. Id.

The record shows that the simultaneity element of the present-sense-impression exception is satisfied in both 911 calls. Son stated that the assault was ongoing in both calls and in the latter portion of the second call states that his father had just left. Therefore, Son's statements were made simultaneously or almost simultaneously with the occurrence of the assault. See id. The descriptive element is also satisfied, as Son described the assault, including the fact that Victim was bleeding from the mouth. See id.

Gyunashev only seriously challenges the third element of the exception, arguing that Son never explicitly stated that he witnessed or otherwise perceived the assault. While Gyunashev accurately describes the content of the 911 calls, Gyunashev nevertheless admitted to Detective

4

Feazel that Son had witnessed the assault. Therefore, all three elements of the present-sense-impression exception are satisfied, and the trial court properly admitted the 911 calls into evidence. See id.; Blurton, 484 S.W.3d at 769.

Furthermore, even if the present-sense-impression exception did not apply, we would still not reverse the decision because, as noted by the State, the evidence was also admissible under the excited-utterance exception. See Townsel, 564 S.W.3d at 736. The excited-utterance exception applies to statements made in response to startling or unusual occurrences. State v. Robinson, 535 S.W.3d 761, 766 (Mo. App. E.D. 2017) (internal citation omitted). The assault upon Victim qualifies as a startling occurrence. See id. We consider the following factors in deciding whether application of the excited-utterance exception is appropriate: "[1] the time between the startling event and the declaration, [2] whether the declaration is in response to a question, [3] whether the declaration is self-serving, and [4] the declarant's physical and mental condition at the time of the declaration." State v. Kemp, 212 S.W.3d 135, 146 (Mo. banc 2007) (internal citation omitted). Here, we hold the exception applies because: (1) Son made the statements simultaneously or almost simultaneously with the assault; (2) the declarations were initiated by Son in placing the 911 call; (3) the declarations were not self-serving; and (4) Son was not only described as "shaken up," "very nervous," "scared," and "panicked," by Dispatchers Hamilton and Eagan, but Gyunashev also admitted that Son was scared. See id.

We finally note that Gyunashev is unable to meet his burden on appeal that the alleged abuse of discretion warrants reversal, because there is no reasonable probability that the admission of the 911 calls was outcome determinative. See Blurton, 484 S.W.3d at 769. Even without the 911 calls, the evidence of Gyunashev's guilt was overwhelming. Critically, Gyunashev admitted to the assault on Victim multiple times during a recorded interview which

was admitted into evidence.  In light of the combination of Gyunashev's own admission and the evidence of Victim's injuries, we are not persuaded that Gyunashev would have been found not guilty but for the admission of the 911 calls.  See id.

Because we find the present-sense-impression exception applied, the 911 calls were properly admitted into evidence.  See Taylor, 298 S.W.3d at 492.  Accordingly, we find that the trial court did not abuse its discretion in admitting the 911 calls.  See Blurton, 484 S.W.3d at 769.  The point is denied.

## Conclusion

The judgment of the trial court is affirmed.

_____
KURT S. ODENWALD, Judge

Philip M. Hess, P.J., concurs.
Lisa P. Page, J., concurs.